## Atkins' Estate

*Myron Jacoby*, for exceptants.
*John E. Forsythe* and *Shippen Lewis*, contra.

BOLGER, J., June 2, 1939.—The exceptions involve two questions: (1) The award of the $1,000 monthly payments to the widow by the executors for the period immediately succeeding the death of testator; and (2) the source from which the expenses of maintaining three pieces of real estate devised to testator's sister should be paid.

The learned auditing judge has properly directed that the $1,000 monthly payments to the widow should be paid from the income of residuary estate. The provision in item 12 of the will, "Said monthly payments shall com-

mence on the first day of the month immediately following my decease, and shall be payable either out of income or principal," should be read in the light of testator's language contained in item 13—third (*f*), wherein after directing the payment of the balance of income to his wife, he directs "Said payments shall commence one month after the last monthly payment of income to my wife by my executors."

This construction is in harmony with the language of Chief Justice Tilghman in Lefevre's Appeal, 6 S. & R. 556, 558, where he said: "I have no doubt but their duty was to apply *all the profits* before they touched any part of the *principal.*" See also the opinion of Judge King in Earp's Will, 1 Pars. 453.

As to the second question raised by the exceptions, the auditing judge is also correct in his conclusion that the real estate must be maintained at the expense of income account. It was not brought to his attention, however, that some of the items in connection with the real estate were in the nature of improvements which may be a charge against the corpus of the estate. The parties have agreed that the expenses of the real estate shall be apportioned as follows: All items of permanent improvements shall be charged to principal, and all other items to income, which apportionment shall be reflected in the schedule of distribution under the headings indicated. This agreement is approved by the auditing judge.

The exceptions are dismissed, and the adjudication, modified as aforesaid, is confirmed absolutely.